

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-31-2005

# Goins v. Echostar Comm Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1354

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Goins v. Echostar Comm Corp" (2005). *2005 Decisions.* Paper 631.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/631

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1354

PAULINE R. GOINS,

Appellant
v.

ECHOSTAR COMMUNICATIONS CORPORATION

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 02-cv-00648)
District Judge: Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
August 30, 2005

BEFORE: SLOVITER, BARRY and FISHER, <u>CIRCUIT JUDGES</u>

(Filed: August 31, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Pauline Goins appeals <u>pro se</u> the District Court's grant of EchoStar

Communication's motion for summary judgment on her complaint alleging sex and race

discrimination under 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and 43 Pa. Cons. Stat.

Ann. §§ 951-63 (PHRA). For the reasons that follow, we will affirm.

The parties are familiar with the facts, thus, we will only briefly summarize them here. Goins was hired as a customer service representative on January 8, 2001. She was placed in a training class with Jeff Hack (white), Susan Roach (white), and several other black and white new hires of both genders. The class was led by Stephanie Blissman. During a training class on January 18, 2001, an incident occurred between Roach and Goins which ended with the two women cursing at each other.

Management was notified of the incident and suspended both Roach and Goins, but Roach chose to quit. Management conducted an investigation and terminated Goins for the use of profanity and abusive behavior. Goins then retained counsel and brought the current action. She alleges that Blissman mischaracterized her conduct during the dispute with Roach because of race and/or gender bias. Goins also claims that Blissman and management were aware of another disruptive white male trainee, Jeff Hack, who was chastised informally, but never reported to management. EchoStar moved for summary judgment, which was granted. Goins then filed this appeal.[1]

Initially, Goins petitions for leave to supplement the record. We have continuously held that this Court "cannot consider material on appeal that is outside of the district court record." In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (citations omitted). However, in exceptional cases we

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for summary judgment and apply the same test as the District Court. See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 285 (3d Cir. 2003).

may open the record either under Federal Rule of Appellate Procedure 10(e) or under any "inherent equitable power." Id. (stating without deciding that our equitable powers may permit us to grant leave to supplement the record).

Rule 10(e) permits correction or modification of the record "[i]f anything material to either party is omitted from . . . the record by error or accident . . . ." We see no reason to employ Rule 10(e) or any equitable power we may have to include extra-record items where the documents were previously available and merely support what is already in the record. Appellee moved to strike these additional exhibits as well as several portions of Goins' informal brief where she argues theories inconsistent with those presented to the District Court. We deny the Appellee's motion to strike, but consistent with the above position, we will not consider exhibits or arguments not presented to the District Court. See United States v. Donsky, 825 U.S. 746, 749 (3d Cir. 1987). The motion to supplement the record is denied.

To prevail under Title VII or its analogous provision in the PHRA, see Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 409 (3d Cir. 1999), Goins must satisfy the three-step burden shifting inquiry under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). First, she must establish a prima facie case. If she succeeds, "the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its adverse employment action." Id. at 802-03. If the employer advances such a position, the burden shifts back to the employee to prove that the non-discriminatory explanation is merely a

3

pretext for discrimination.  Id. at 804.  The establishment of a prima facie case produces a presumption of discrimination, which means "a finding of predicate fact . . . produces a required conclusion in the absence of explanation."  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993) (internal quotation omitted); Jones, 198 F.3d at 410-11.  In the instant type of employment action, establishing this presumption requires a showing that a similarly situated employee received more favorable treatment.  See, e.g., Lanear v. Safeway Grocery, 843 F.2d 298, 301 (8th Cir. 1988); Mitchell v. Toledo Hosp., 964 F.2d 577, 586 (6th Cir. 1992).  We agree with the District Court that Goins fails to make this showing.

Goins argues that trainees Roach and Hack were similarly situated but received different treatment.  The District Court concluded that Roach was not similarly situated because she quit before management conducted an investigation and reached any termination decision.  The record supports this conclusion.  The District Court also found that Hack was not similarly situated because the relevant decision maker, Mike Duplessis, did not know about Hack's statements or disruptive behavior.  Although there is some controversy over whether anyone in management knew of Hack's conduct, the record is void of any indication that Duplessis personally knew of Hack's misconduct.  Even if a different manager knew about Hack's behavior and chose to do little, or nothing at all, the operative employment decision made by a different independent manager asserting her discretion is sufficient to differentiate two otherwise similarly situated employees.  See

4

Radue v. Kimberly-Clark Corp, 219 F.3d 612, 617-18 (7th Cir. 2000) (citing several other circuits supporting this view).

Goins, however, makes a creative argument that Stephanie Blissman, not Mike Duplessis, was the relevant decision maker because she was the gatekeeper of any information that was or was not conveyed to management. Even if we assume that "evidence of a subordinate's bias is relevant where the relevant decision maker is not insulated from the subordinate's influence," Griffin v. Wash. Convention Ctr., 142 F.3d 1308, 1312 (D.C. Cir. 1998); see also Stacks v. Southwestern Bell Yellow Pages, Inc., 27 F.3d 1316, 1323 (8th Cir. 1994) ("an employer cannot escape responsibility for discrimination when the facts on which the reviewers rely have been filtered by a manager determined to purge the labor force of [women]."), the record does not support the inference that Blissman reported either Goins or Roach to management. Instead, Goins admits that Heather Langsdorf, another trainee, informed operations manager Royna Abdulnour that the incident between the two women occurred. Only then was management formally involved. While Blissman's account of the incident is different than Goins' and the other trainees', the record reveals that management interviewed Goins and Roach, and despite the differences regarding tones of voice, levels of responsibility, and who may have been the provocateur, the basic facts of the words used and arguments presented remain consistent throughout the various recitations.

5

Additionally, that Blissman did not report Hack to management for profanity or disruptive behavior does not mean that she treated Goins differently. To the contrary, the record reveals that Blissman initially attempted to handle the Goins/Roach conflict informally, as she handled Hack's disruptions, but without success because a manager took notice of the argument through other channels. Blissman discussed her perception of the Goins/Roach incident with management because she was specifically asked to do so, not because she chose to treat Goins and Hack differently. The record does not give rise to an inference of discrimination by either Duplessis or Blissman.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment. Appellant's motion to supplement the record is denied. Appellee's motion to strike is denied.